**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

EXHIBIT B TO SC LBR 3015-2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Ronnie Carl Pack, Jr.<br><br>Mary Elizabeth Pack<br><br><br>DEBTOR(S) | CASE NO: 10-01489-dd<br>CHAPTER: 13<br><br>NOTICE OF PLAN MODIFICATION AFTER CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

I. NOTICE TO CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor[1] proposed a chapter 13 plan and motions that were previously confirmed by this court; debtor now moves, pursuant to 11 U.S.C. § 1329(a), Fed. R. Bankr. P. 3015(g), and Fed. R. Bankr. P. 2002(a)(5), to **modify the plan as follows**:

Collateral secured by HSBC claim 17 filed July 12,2010 being surrendered
This claim was transferred from HSBC to Capital One on February 13,2013.
CapitalOne address
c/o Bass & Associates
3936 E Ft Lowell Rd, Ste 200
Tuscon AZ 85712

claim was being paid outside plan. no impact in payments to any other creditors.

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan are highlighted by italics. (See SC LBR 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be scheduled for hearing and separate notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

Chapter 13 Plan

Case No. 10-01489-dd
Debtor(s): Ronnie Carl Pack, Jr.
Mary Elizabeth Pack

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A. <u>Nonpossessory, Nonpurchase-Money Lien:</u>   The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

B. <u>Judicial Lien:</u>   The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| | | | | | | |

C. <u>Valuation of Security:</u>   The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| Bank Of America<br>2006 Hyundai Sonata, Vin.: 5NPEU46F66H15000 | $9,950.00 | | $15,614.00 | $9,950.00 | $5,664.00 |
| Hsbc Mortgage (2nd)<br>Debtor's Residence | $165,000.00 | Hsbc Mortgage (1st): $174,957.00 | $42,252.00 | $0.00 | $42,252.00 |
| Keybank NA<br>Debtor's Residence | $165,000.00 | Hsbc Mortgage (1st): $174,957.00; Hsbc Mortgage (2nd): $42,252.00 | $16,069.00 | $0.00 | $16,069.00 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease:</u>   The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| | | | | |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee"):</u>  The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of ___$760.00___ per month for a period of ___60___ months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

**Chapter 13 Plan**

Case No.: 10-01489-dd
Debtor(s):  **Ronnie Carl Pack, Jr.**
            **Mary Elizabeth Pack**

B. <u>Payments from the debtor directly to creditors:</u> The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to the creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor:</u>

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of ___**$3,050.00**___ for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of ___**$1,426.00**___ was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received _____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at _____ or less.

B. <u>Secured Creditor Claims:</u>  The plan treats secured claims as follows:

1. <u>General Provisions:</u>  The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default:</u>  The debtor is current on obligations to (creditor name) and will continue regular payments directly to that creditor. Description of collateral:

| Creditor Name | Description of Collateral |
|---|---|

**Chapter 13 Plan**

Case No. 10-01489-dd
Debtor(s):  Ronnie Carl Pack, Jr.
Mary Elizabeth Pack

3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. § 1322(b)(3) and/or (5):</u>

   a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to (creditor name) at the rate of $ (payment amount) or more per month, for (collateral description), along with (percentage)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

| Creditor Name / Collateral Description | Payment Amount (or more per month) | Interest Rate |
|---|---|---|
| **Hsbc Mortgage (1st)** **Debtor's Residence** | $195.00 | 0% |

   b. Maintenance of regular non-arrearage payments. Beginning (month and year), the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

| Creditor Name | Beginning Month and Year |
|---|---|
| **Hsbc Mortgage (1st)** | April 2010 |

4. <u>Secured portion of claims altered by valuation and lien avoidance:</u>  The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month, along with (percentage)% interest until the secured claim of $ (amount of secured claim) established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

| Creditor Name | Payment Amount (or more per month) | Interest Rate | Amount of Secured Claim |
|---|---|---|---|
| **Bank Of America** | $191.00 | 5.25% | $9,950.00 |
| **Hsbc Mortgage (2nd)** | $0.00 | 0% | $0.00 |
| **Keybank NA** | $0.00 | 0% | $0.00 |

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):</u>   The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month, along with (percentage)% interest until the allowed secured claim is paid in full.

| Creditor Name | Payment Amount (or more per month) | Interest Rate |
|---|---|---|
| **Hyundai Finance** | $211.00 | 5.25% |

6. <u>Surrender of property:</u>  The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: (name of creditor and property address or collateral description). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

| Creditor Name | Property Address or Collateral Description |
|---|---|
| **HSBC transferred to Cap One** | **Household appliances, computer** |

7. <u>Secured tax debt:</u>  The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month until the (net balance or value) of creditor's secured claim plus (percentage)% interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

| Creditor Name | Payment Amount (or more per month) | Net Balance or Value of Creditor's Secured Claim | Interest Rate |
|---|---|---|---|

C. <u>Priority Creditors:</u>    Priority claims shall be paid as follows:

1. <u>Domestic Support Claims.</u>    11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

Name of DSO Creditor                                         Payment Amount (or more per month)

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. <u>Other Priority debt.</u>    The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis.

Name of Priority Creditor

D. <u>Executory Contracts and Unexpired Leases:</u>    Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

Name of Creditor                                         Payment Amount (or more per month) by the Trustee

E. <u>General Unsecured Creditors:</u>    General unsecured creditors shall be paid allowed claims pro rata by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor    **does not**    propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:**
Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date: _____    _____
                                          Michael J. Cox
                                          Attorney for the Debtor
                                          Michael J. Cox Atty at Law, LLC
                                          PO Box 1123
                                          Irmo South Carolina 29063
                                          Phone: (803) 254-6041 / Fax: (803) 256-8121
                                          Email: mcox@mcoxlaw.com
                                          District Court I.D.: 0339

**Chapter 13 Plan**

Case No.: 10-01489-dd
Debtor(s):  Ronnie Carl Pack, Jr.
            Mary Elizabeth Pack

---

¹   When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

²   For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

³   The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| RE: ) | |
| ) | |
| Ronnie Carl Pack, Jr.  ) | Case No: 10-01489-dd |
| ) | |
| Mary Elizabeth Pack  ) | Chapter: 13 |
| ) | |
| Debtor (s) ) | |

## CERTIFICATE OF SERVICE

I, Rosemary Calhoun, an employee of the law firm of Michael J. Cox, Attorney at Law, LLC, do hereby certify that on the 7th day of July, 2014, I served a copy of the Notice and Motion to Modify Previously Confirmed Chapter 13 Plan and Proposed Modified Plan, by depositing a copy of same in the Untied States Mail, with sufficient postage affixed thereto, to the attached mailing matrix, Attn Manager or Officer and the following:

Joy S. Goodwin
1813 Laurel Street
Columbia, SC  29201

Michael J. Cox, Attorney at Law, LLC

Rosemary Calhoun
Michael J. Cox, Attorney at Law, LLC
PO Box 1123, Irmo, SC 29063
Phone: 803-254-6041
Fax: 803-256-8121
mail@michaeljcoxlaw.com

```
Label Matrix for local noticing          Amcol Systems Inc                         Bank Of America
0420-3                                   111 Lancewood Rd                          Attn: Bankruptcy NC4-105-02-77
Case 10-01489-dd                         Columbia, SC 29210-7523                   PO Box 26012
District of South Carolina                                                         Greensboro, NC 27420-6012
Columbia
Mon Jul  7 16:40:46 EDT 2014

(p)BANK OF AMERICA                       Bank of America, N.A.                     Patti H. Bass
PO BOX 982238                            P. O. Box 26012                           Bass & Associates, PC
EL PASO TX 79998-2238                    NC4-105-03-14                             3936 E. Ft. Lowell Rd., Suite 200
                                         Greensboro, NC 27420-6012                 Tucson, AZ 85712-1083


Bernice Hailey                           CR Evergreen, LLC                         Candica, LLC
105 Rolling Hills Lane                   MS 550                                    c/o Weinstein & Riley, P.S.
West Columbia, SC 29172-2066             PO Box 91121                              2001 Western Ave.
                                         Seattle, WA 98111-9221                    Ste. 400
                                                                                   Seattle, WA 98121-3132


Capital One Bank (USA), N.A.             Capital One Correspondence                Capital One, N.A.
by American Infosource Lp As Agent       PO Box 30285                              Bass & Associates, P.C.
PO Box 71083                             Salt Lake City, UT  84130-0285            3936 E. Ft.Lowell Road, Suite #200
Charlotte, NC  28272-1083                                                          Tucson, AZ 85712-1083


Capital One, N.A.                        Carolina Collegiate FCU                   Chase
c/o Bass & Associates, P.C.              710 Pulaski Street                        Po Box 15298
3936 E. Ft. Lowell Road, Suite #200      Columbia, SC 29201-3633                   Wilmington, DE 19850-5298
Tucson, AZ 85712-1083


Clarendon Memorial Hospital              Michael J. Cox                            East Bay Funding, LLC
PO Box 550                               Michael J. Cox, Attorney at Law, LLC      c/o Resurgent Capital Services
Manning, SC 29102-0550                   PO Box 1123                               PO Box 288
                                         Irmo, SC 29063-1123                       GREENVILLE, SC 29602-0288


First Premier Bank Correspondence        GE Money Bank                             Gemb/belk
PO Box 5524                              c/o Recovery Management Systems Corporat  Po Box 981491
Sioux Falls, SD 57117-5524               25 SE 2nd Ave Suite 1120                  El Paso, TX 79998-1491
                                         Miami FL 33131-1605


Gemb/dillards                            Joy S. Goodwin                            HSBC Bank Nevada, N.A.
PO Box 960012                            1813 Laurel Street                        Bass & Associates, P.C.
Orlando, FL 32896-0012                   Columbia, SC 29201-2626                   3936 E. Ft. Lowell Rd, Suite 200
                                                                                   Tucson, AZ 85712-1083


HSBC Mortgage Services Inc               HSBC Mortgage Services, Inc.              Hsbc Best Buy
636 Grand Regency Blvd                   636 Grand Regency Blvd                    Attn: Bankruptcy
Brandon Florida 33510-3942               Brandon, FL 33510-3942                    PO Box 5263
                                                                                   Carol Stream, IL 60197-5263


Hsbc Mortgage (1st)                      Hsbc Mortgage (2nd)                       Hyundai Finance
Po Box 3425                              Po Box 3425                               Attn: Bankruptcy
Buffalo, NY 14240-3425                   Buffalo, NY 14240-3425                    POB 20809
                                                                                   Fountain Valley, CA 92728-0809
```

| | | |
|---|---|---|
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Keybank NA<br>Attention: Bankruptcy<br>PO Box 94968<br>Cleveland, OH 44101-4968 | Lexington County Public Library<br>5440 August Road<br>Lexington, SC 29072-3892 |
| Lexington Medical Center Correspondence<br>Patient Financial Services<br>PO Box 100273<br>Columbia, SC 29202-3273 | Lowes Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076-9104 | Joe M. Lozano<br>Brice, Vander Linden and Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, TX 75243-4652 |
| Michael J. Cox, Atty at Law, LLC<br>6160 St. Andrews Road<br>Suite #1<br>Columbia, SC 29212-3145 | Midland Funding LLC<br>by American InfoSource LP as agent<br>PO Box 4457<br>Houston, TX  77210-4457 | Midland Funding LLC by American InfoSource L<br>PO Box 4457<br>Houston, TX 77210-4457 |
| Midlands Orthopaedics PA<br>1910 Blanding Street<br>Columbia, SC 29201-3500 | National Capital Management, LLC.<br>8245 Tournament Drive<br>Suite 230<br>Memphis, TN 38125-1741<br>USA | PRA Receivables Management, LLC<br>PO Box 41067<br>Norfolk, VA 23541-1067 |
| PRA Receivables Management, LLC<br>As Agent Of Portfolio Recovery Assocs.<br>PO Box 12914<br>NORFOLK VA 23541-0914 | Mary Elizabeth Pack<br>105 Rolling Hills Lane<br>West Columbia, SC 29172-2066 | Ronnie Carl Pack Jr.<br>105 Rolling Hills Lane<br>West Columbia, SC 29172-2066 |
| Portfolio Investments II LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Premier Bankcard/Charter<br>P.O. Box 2208<br>Vacaville, CA 95696-8208 |
| Receivable Recovery Se<br>110 Veterans Blvd<br>Metairie, LA 70005-3027 | Receivable Solutions Inc.<br>PO Box 6678<br>Columbia, SC  29260-6678 | Recovery Management Systems Corporation<br>25 SE Second Avenue<br>Suite 1120<br>Miami, FL 33131-1605 |
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | SC Dept. of Revenue<br>PO Box 12265<br>Columbia, SC 29211-2265 | SC Diagnostic Imaging LLC<br>PO Box 70609<br>N. Charleston, SC 29415-0609 |
| Scottsdale Collection<br>2501 W Dunlap Ave Ste 24<br>Phoenix, AZ 85021-2726 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Target National Bank<br>PO Box 59317<br>Minneapolis, MN 55459-0317 |
| Toumey Healthcare<br>129 North Washington<br>Sumter, SC 29150-4949 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | Unique National Collec<br>119 E Maple St<br>Jeffersonville, IN 47130-3439 |

```
Vanda, LLC                              Winthrop Area Fcu                       eCAST Settlement Corporation
c/o Weinstein & Riley, P.S.             PO Box 55                               c/o Bass & Associates, P.C.
2001 Western Ave., Ste. 400             Winthrop, ME 04364-0055                 3936 E Ft. Lowell, Suite 200
Seattle, WA 98121-3132                                                          TUCSON, AZ 85712-1083


eCAST Settlement Corporation            eCAST Settlement Corporation assignee of Cha
c/o Bass & Associates PC                Bank USA NA successor by merger to
3936 E Ft Lowell Suite 200              Washington Mutual
Tucson AZ 85712-1083                    POB 29262
                                        New York NY 10087-9262
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bank of America Bankruptcy Department   Internal Revenue Service                Portfolio Recovery Associates, LLC
NC4-105-03-14                           Centralized Insolvency Unit             PO BOX 41067
4161 Piedmont Parkway                   PO Box 21126                            Norfolk, VA 23541
Greensboro, NC  27420-6012              Philadelphia, PA 19114
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Candica, LLC                         (d)East Bay Funding, LLC                (d)HSBC Bank Nevada, N.A.
c/o Weinstein & Riley, P.S.             c/o Resurgent Capital Services          Bass & Associates, P.C.
2001 Western Ave., Ste. 400             PO Box 288                              3936 E. Ft. Lowell Rd., Suite 200
Seattle, WA 98121-3132                  Greenville, SC 29602-0288               Tucson, AZ 85712-1083


(d)Vanda, LLC                           End of Label Matrix
c/o Weinstein & Riley, P.S.             Mailable recipients   64
2001 Western Ave., Ste. 400             Bypassed recipients    4
Seattle, WA 98121-3132                  Total                 68
```